FILED
CLERK
11/13/2026 2:11 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------X
UNITED STATES,

-against-

ORDER
22-CR-0004 (JS)

ROBERT BORNSCHEIN,

Defendants.
-------------------------X

APPEARANCES

For Defendant
Robert Bornschein: Kenneth M. Abell, Esq.
Abell Eskew Landau LLP
256 Fifth Avenue, Fifth Floor
New York, New York 10001

For the
Government: Daniel G. Saavedra, Esq.
Assistant U.S. Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

SEYBERT, District Judge:

Presently before the Court are (1) the Government's motion for an order directing the turnover of $1,360,388.98 held in escrow after Defendant Robert Bornschein ("Defendant") sold his residence (the "Residence"), and (2) Defendant's opposition and cross-motion seeking to limit the turnover to $680,194.49 of the sale proceeds. (See Gov't Motion, ECF No. 29; Def.'s Opp'n, ECF No. 33; see also Gov't Proposed Turnover Order, ECF No. 29-1, attached to Gov't Motion; Gov't Reply, ECF No. 34; Def.'s Surreply, ECF No. 35; Def.'s Proposed Turnover Order, ECF No. 35-1, attached

to Def.'s Surreply.) For the reasons set forth below, the Government's motion is GRANTED and Defendant's cross-motion is DENIED.

## BACKGROUND

### I. Factual Background

Defendant pleaded guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. (Gov't Motion at 1.) On January 28, 2026, this Court sentenced Defendant to time served and three years of supervised release, and ordered him, jointly and severally with his co-defendants, to pay $5,200,000 in restitution to his victims. (Gov't Motion at 1; Def.'s Opp'n at 1; see also Def.'s Judgment, ECF No. 23; Restitution Order, ECF No. 27.) Specifically, the Restitution Order provided that "[r]estitution is due immediately, but payable at the rate of 10% of the defendant's gross monthly income, earned and/or unearned from all sources, in monthly payments." (Restitution Order ¶ 3.) At sentencing, the Court underscored the seriousness of the victims' losses and directed Defendant to "make every possible move to pay these victims." (Gov't Reply at 2 (quoting Sentencing Tr. 41:10, ECF No. 33-1, attached to Def.'s Opp'n).)

### II. Sale of the Residence

In May 2026, Defendant and his wife sold their Florida family residence, generating over $2.5 million in net proceeds.

(Gov't. Motion at 1-2.) On May 19, 2026, the Government recorded notice of its restitution lien in Palm Beach County, Florida. (Id.) In connection with the sale, the Government and Defendant agreed to: (1) permit the sale; (2) allocate $1,360,388.98 of the net proceeds to Defendant's wife, who was not involved in the offense, and (3) place Defendant's remaining $1,360,388.98 share (the "Defendant's Net Proceeds") into an escrow account overseen by Defendant's attorney, Edgar A. Benes ("Benes"), pending an agreement or judicial determination. (Id.)

On September 11, 2026, the Government filed its Motion, seeking an order directing Defendant's attorney to turn over the entirety of Defendant's Net Proceeds. (Id.) According to the Government, Defendant still owed $4,776,345.53 in restitution as of the filing of the Motion, and the Defendant's Net Proceeds constitute nonexempt funds subject to turnover. (Id. at 2-4.) The Government argues a turnover order is a reasonable enforcement mechanism under 18 U.S.C. § 3664(m)(1)(A)(ii), particularly considering the Court's direction that Defendant take every possible step to compensate his victims. (Id. at 3-5.) In its Reply, the Government further emphasizes the victims' financial hardships and contends that neither Defendant's family obligations nor his co-defendants' joint liability warrants withholding any of the escrowed funds. (Gov't Reply at 2.)

On October 6, 2026, Defendant filed his Opposition and

Cross-Motion, which acknowledges this Court has discretion over the turnover issue but nonetheless asserts full turnover of Defendant's Net Proceeds is unreasonable under the circumstances. (Def.'s Opp'n at 2-3.) In particular, Defendant emphasizes: he was never specifically ordered to sell the Residence; he has complied with his scheduled restitution payments; and his retention of $680,194.49 would allow him to reduce other financial obligations, stabilize his commission-based income, and care for his son, who has serious and ongoing medical needs. (Id.) According to Defendant, retaining these funds would place him in a better financial position to make future restitution payments. (Id.)

## ANALYSIS

### I. Applicable Law

The Government "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). An order of restitution creates "a lien in favor of the United States on all property and rights to property" of the defendant. 18 U.S.C. § 3613(c), (f). District courts retain "discretion to determine how and when restitution should be collected." U.S. v. Burko, No. 10-CR-291, 2023 WL 3195943, at *1 (S.D.N.Y. May 2, 2023) (citing 18 U.S.C. § 3664(f)(2)). Courts may impose "restitution that is both due immediately in full and

payable according to a payment schedule," because "[a]ll that a 'due immediately' statement in a judgment does is command the defendant to discharge his obligations as quickly as possible." In re IIG Structured Trade Fin. Fund, Ltd., No. 25-2577, 2026 WL 2819201, at *8 (2d Cir. Sept. 21, 2026) (quoting U.S. v. Sawyer, 521 F.3d 792, 796 (7th Cir. 2008)).

II. Application

Pursuant to the "due immediately" language in the Restitution Order, the Court finds full turnover of Defendant's Net Proceeds appropriate. (See Restitution Order ¶ 3.) Allowing Defendant to retain nearly $700,000 from the sale of the Residence, while his victims remain owed millions, would be inconsistent with this directive and the Court's intent to impose a sentence that would allow Defendant to make "every possible move to pay these victims." (Gov't Reply at 2 (quoting Sentencing Tr. 41:10).) That Defendant voluntarily sold the Residence does not diminish his obligation to compensate his victims.[1] Nor does the Court's imposition of a monthly payment schedule preclude turnover of the proceeds, particularly where the Restitution Order expressly

[1] Defendant cites to a portion of the transcript where this Court said, in the context of a discussion about Defendant's vehicles, "You are still driving those expensive vehicles? Maybe it's time to -- you're not selling the house -- get yourself a more economical car." (Sentencing Tr. 38:06-08.) This off-hand comment does not create any protection for Defendant's Net Proceeds, which were not excluded from the Restitution Order.

provides that restitution is due immediately. (See Restitution Order at 1; see also IIG, 2026 WL 2819201, at *8 ("courts have interpreted judgments that provide restitution is 'due immediately,' but also contain a payment schedule to mean that the schedule sets a floor, but not a ceiling, on the government's collection efforts").

The Court disagrees with Defendant that turning over his Net Proceeds is unreasonable. Although the Court is mindful of the medical issues Defendant's son faces, these considerations do not outweigh the victims' entitlement to full and timely restitution. Notably, one of Defendant's victims lost more than $500,000 accumulated for a minor child's cancer treatment. (Gov't Reply at 2 (citing Sentencing Tr. 40:21-41.).) Moreover, Defendant's joint and several liability with his co-defendants provides no basis to limit turnover. See U.S. v. Nucci, 364 F.3d 419, 423 (2d Cir. 2004) (explaining that, under the "common law rule" governing joint liability, "the effect of joint liability [...] is to excuse one defendant from paying any portion of the judgment if the plaintiff collects the full amount from the other." (quoting Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363, 374 (2d Cir. 1988))). Accordingly, the Court finds that turnover of the full amount of Defendant's Net Proceeds is warranted under the circumstances.

## CONCLUSION

For the foregoing reasons, the Government's Motion (ECF No. 29) is GRANTED, and Defendant's Cross-Motion (ECF No. 33) is DENIED. Accordingly, Benes is directed to turn over the entirety of Defendant's Net Proceeds held in escrow, to the Clerk of Court for application toward Defendant's outstanding restitution obligation and distribution in accordance with the existing Restitution Order.

**SO ORDERED.**
/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 13, 2026
Central Islip, New York